PATRICK MARONEY *et al.*, Appellants, *vs.* THE STATE OF MINNESOTA, Respondent.

ERROR TO THE DISTRICT COURT OF DAKOTA COUNTY.

This Court will not set aside a verdict upon a pure question of fact, where oral evidence was given to the jury, both in support of and in opposition to the verdict, from which the jury may fairly have decided as they did, and this, although the evidence may not be entirely satisfactory to our own mind.

*By the Court.*—ATWATER, J.—We have not been furnished in this case with the usual paper books, nor is there within our reach a copy of the points made upon the argument. My recollection is, that counsel were for the time excused from furnishing these papers, and were heard upon the record sent up to this Court. We have not since the argument been able to obtain copies of the points, and are now obliged to prepare an opinion upon the record alone, which does not show what points were made, nor indeed very clearly how the case came into this Court.

The main point, however, on which the Defendants in the indictment rely, is that the verdict is not sustained by the evidence. They were indicted, tried, and found guilty, upon a charge of burglary, with intent to commit murder, being armed with dangerous weapons; and it is insisted there is not evidence sufficient to identify the Defendants, as the persons who committed the offence proved; and also that the proofs

show that there was no intention to commit murder, but an intention to assault and beat only.

The evidence, covering some sixty or seventy folios, is all spread upon the record, but it is only necessary to refer in general terms to such as tends to support the verdict upon the two points above suggested.

And first, as to identity, the evidence is clear that on the night charged in the indictment, four men, armed with guns and clubs, and with their faces blackened, and otherwise disguised, forced an entrance into the house of the prosecuting witness, and assaulted and beat him and other members of his family. This prosecutor swears that he recognized Patrick Maroney as one of these; and his wife testifies that she recognized him, and Daniel O'Niel also, whom she called by his name. They traced in the snow, on the next morning, the tracks of these four persons from the scene of the outrage to the houses of the other Defendants, Fox and Murphy, who resided within a few yards of each other. Another witness testifies that she saw Maroney and O'Niel going in the direction of Fox and Murphy's, on the evening previous to this occurrence, carrying guns; and also coming from that direction the next morning. And still another, that Murphy and O'Niel had admitted to him, that they, the Defendants, were all together at Fox's house that night. On the other hand, the Defendants' own witnesses unite in saying, that there were no other men but the Defendants at the house of Fox during the whole of the night.

As regards the question of intent, there was evidence that the persons committing the offence were armed with clubs and guns,—that the guns were loaded, as appears from the fact that they shot and wounded the dog of the prosecuting witness,—that they repeatedly pointed a gun at the prosecut or, which had the hammer raised,—that the family begged them to spare his life, and they finally left, after making him promise, on his knees, not to reveal anything of the occurrence, on pain of another visit from them.

In view of this testimony, which the jury had the right to credit, notwithstanding it was contradicted in some particulars by the testimony offered on the part of the defence, we

do not feel authorized to disturb the verdict. It may not be absolutely conclusive as to the identity of the Defendants with the persons committing the offence; nor sufficient to remove every doubt as to the question of intention, yet it was evidence from which the jury might have found that the Defendants were the guilty parties; and that they contemplated murder when they made the attack on the prosecuting witness.

The proceedings in the Court below are affirmed.

EMMETT, C. J., *dissents*—On the ground that the evidence was not sufficient to show the intent charged in the indictment.